**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

DAVID BROWN,                                          :
                                                      :
                            Plaintiff,                :            25-CV-0238 (JHR) (OTW)
                                                      :
                    -against-                         :            **OPINION & ORDER**
                                                      :
CITIBANK N.A., et al.,                                :
                                                      :
                            Defendants.               :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

### I.        INTRODUCTION

On November 19, 2024, Plaintiff David Brown commenced this action in state court

alleging violations of the Homeowner's Protection Act ("HPA"), the Federal Trade Commission

Act ("FTCA"), the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act

("RESPA"), violations of New York State mortgage and banking regulations, and general New

York State Business law for alleged "deceptive acts." (ECF 1-1 at 5-7).  On January 10, 2025,

Defendants removed this case to federal court. *Id.*

Plaintiff was self-represented at the time he filed his complaint in state court. The Court

requested pro bono counsel to assist Mr. Brown in the Court's Mediation Program. (ECF 11).

After mediation was unsuccessful, new counsel appeared for Mr. Brown and sought to amend

the complaint. On July 31, 2025, Plaintiff sent a copy of the Proposed Amended Complaint

("PAC") to Defendants, and on August 1, 2025, counsel for Defendant Cenlar Capital

Corporation and Cenlar FSB ("Cenlar Defendants") responded stating they would not consent to

Plaintiff's filing of the PAC. On August 4, 2025, Citigroup, Inc. and Citibank, N.A. ("Citibank Defendants") indicated the same. See ECF 26[1] at 2.

For the reasons discussed below, leave to amend is **GRANTED**.

## II.    BACKGROUND

### A.   Relevant Factual History

On August 20, 2021, Plaintiff entered into a mortgage with Citibank and was informed on or around October 2021 that the mortgage would be serviced by Cenlar. (ECF 1-1 at 3-4). In addition to Plaintiff's monthly mortgage payments, he paid a private mortgage insurance ("PMI") to Cenlar. *Id.* at 4. On March 1, 2024, Plaintiff made a request to Cenlar for PMI removal, the process in which a mortgagee's PMI fees are cancelled once the loan reaches a certain loan-to-value ratio as set forth in the mortgage contract instrument. *Id.* Plaintiff received a response to his PMI removal request from Cenlar, stating that the automated tool to calculate his loan-to-value ratio was no longer available, and that he needed to pay for an appraisal or broker price opinion ("BPO") in order to "be eligible for PMI removal." *Id.* Plaintiff made a second request on June 1, 2024, and received the same automated message. *Id.*

On June 22, 2024, Plaintiff submitted a BPO in response to the automated message he received in response to his June 1st request. *Id.* Plaintiff received a response from a Cenlar representative that Cenlar "cannot accept a valuation ordered or conducted by the borrower." *Id.* Plaintiff brings this suit, alleging violations of the HPA, TILA, RESPA, violations of New York State mortgage and banking regulations, and general New York State Business law for alleged "deceptive acts." *Id.* at 6.

---

[1] The Court notes that ECF 26, Plaintiff's Memorandum of Law was temporarily sealed at Plaintiff's request to the Help Desk on August 7, 2025, but no subsequent motion to seal was filed.

B. Procedural Background

On January 10, 2025, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, this action was removed from the Civil Court of the City of New York to the United States District Court for the Southern District of New York, as the complaint asserts claims arising under federal law, including alleged violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Homeowner's Protection Act, and the Federal Trade Commission Act, conferring original federal question jurisdiction. (ECF 1).

On January 24, 2025, I referred this case to the Court-annexed Mediation Program and ordered pro bono counsel for mediation purposes (ECF 11). After unsuccessful mediation on May 14, 2025 (ECF 15), I held several conferences in the case (ECF Nos. 16, 22).

On August 6, 2025, Plaintiff, now represented by counsel, filed the instant motion for leave to amend (ECF 25), attaching a proposed amended complaint (ECF 26-1) for the Court's review. The Citibank Defendants and the Cenlar Defendants filed their oppositions on September 8, 2025. (ECF Nos. 34, 35).

a. The Proposed Amended Complaint ("PAC")

Plaintiff is seeking leave to amend his complaint to include "the correct corporate entities through which relief may be sought, to clarify the facts regarding Plaintiff's individual circumstances…regarding his residential mortgage loan, and to assert claims under the Homeowners Protection Act ("HPA") and common law on a class wide basis." (ECF 26 at 3). Plaintiff alleges that both the Citibank and Cenlar Defendants "continuously and systematically violated the HPA by failing to establish in advance the showing required by borrowers to prove that the value of the mortgage had not fallen below the original value of the mortgage property, and further by failing to promptly provide notice to the borrower of the required

showing on receipt of written PMI cancellation requests from borrowers." (ECF 26-1 at 11, Proposed Amended Complaint).

### III.    DISCUSSION

#### A.  Legal Standard

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). It is within the trial court's discretion to grant or deny leave to amend under Rule 15(a)(2). See *Zenith Radio Corp. v. Hazeltine Rsch, Inc.*, 401 U.S. 321, 330 (1971). A court may deny leave to amend for "good reason," which normally involves an analysis of the following four factors: undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. See *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Rule 16(b) requires the Court to enter a scheduling order that "limit[s] the time to join other parties, [and] amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). Rule 16(b) further states that the schedule "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 16(b)(1), (3)(A). The purpose of Rule 16(b) is "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000) (internal citations and quotation marks omitted). The movant must demonstrate diligence to satisfy the good cause standard. *Grochowski*, 318 F.3d at 86 ("Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.' "). In other words, the party must show that, despite its having exercised diligence, the applicable deadline could not have been

reasonably met. *See Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003); *Parker*, 204 F.3d at 340.

### B. Court's Discretionary Standard

Rule 15's liberal standard applies here, as the Court had not yet entered a scheduling order at the time the motion was filed; the parties had filed a proposed scheduling order on the same day that Plaintiff file the motion for leave to amend. (ECF 24, 25.)  Rule 16 applies only when "a motion to amend [is] filed after the deadline a district court has set for amending the pleadings." *Parker*, 204 F.3d at 340. In applying Rule 15 here, I consider a number of factors, including "futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy*, 482 F.3d at 200. The "non-movant bears the burden of showing prejudice, bad faith[,] and futility of [] amendment." *Perez v. Escobar Constr., Inc.*, 342 F.R.D. 378, 380 (internal quotation omitted).

### C. Application

#### a. Bad Faith, Prejudice, and Delay

The burden of establishing the four factors falls on the Defendants. *See Perez,* 342 F.R.D. 378. Bad faith exists where a party conveyed "a misleading impression that claims were fixed or where the earlier decision not to plead additional allegations 'was a tactical one.' " *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, 714 F. Supp. 3d 310, 340 (S.D.N.Y. 2024) (citations omitted). According to the Second Circuit, prejudice to the opposing party resulting from a proposed amendment is among the "most important" reasons to deny leave to amend. *AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 725 (2d Cir. 2010).

Here, the Defendants have not addressed whether Plaintiff sought leave in bad faith, whether amending the complaint would prejudice them, or whether the proposed amendment

would cause any delay. Instead, Defendants argue only that Plaintiff's proposed additional claims would be futile. As Defendants do not offer a bad-faith, prejudicial, or dilatory rationale for Plaintiff not seeking amendment sooner (nor can I identify one myself), I will solely address the futility argument.

b.  Futility

"A proposal to amend a complaint is futile if the proposed amended complaint would fail to state a claim on which relief could be granted."  *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457. Amendment is considered futile if the proposed claim could not withstand a motion to dismiss pursuant to FRCP 12(b)(6*). Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Under that standard, the proposed amended complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Defendants bear the burden of establishing futility. "At the Rule 15 motion to amend stage, the court is restricted by the limitations of a Rule 12(b)(6) inquiry and may not consider outside exhibits without converting the motion into a motion for summary judgment." *Cajilema v. Barrett Roofs, Inc.*, 794 F. Supp. 3d 102, 108 (E.D.N.Y. 2025) (citing cases).

i.  HPA Claim

The Citibank Defendants argue that adding an additional cause of action under the HPA is futile because the requirements of 12 U.S.C. § 4902(a)(2) do not apply to the Citibank Defendants. (ECF 34 at 7). They argue that the notice requirements under the HPA are a duty of the servicer of the loan, which parties agree that Citibank is not. *Id.*

The Cenlar Defendants argue that amendment to include a violation under the HPA would be futile because the Cenlar Defendants complied with their requirements under 12 U.S.C. § 4902. (ECF 35 at 6-8). In their opposition, the Cenlar Defendants further detail their timeline of notice as required of them under the HPA and identify three instances in which they provided notice of their own valuation requirements. (*See* ECF 35, Exs. G, H, I). Upon conducting their own valuation, the Cenlar Defendants terminated Plaintiff's PMI. (*See* Ex. L.).

Because the Court cannot and should not consider additional facts as added by the Cenlar Defendants, the Court will not find at this juncture that amendment to add an HPA claim would be futile. Plaintiff's counsel is, however, cautioned that any amendment must be consistent with Fed. R. Civ. P. 11.

### ii.  State law claims

Plaintiff seeks to add four state-law claims: breach of contract (Count II), breach of implied covenant (Count III), unjust enrichment (Count IV), and negligent misrepresentation (Count V). I will address each claim in turn.

### 1.  Breach of Contract

Plaintiff alleges that Cenlar imposed additional restrictions on Plaintiff and purported Class members in order to cancel the PMI, which were not established in the mortgage agreements, which is a breach of the mortgage contract. (ECF 26-1, ¶¶ 75-76). Both the Citibank and Cenlar Defendants argue that Plaintiff cannot pursue a breach of contract claim against them because Plaintiff fails to identify the terms of the contract purportedly breached.  A breach of contract claim will be dismissed where a plaintiff fails to allege "the essential terms of the parties' purported contract, including the specific provisions of the

contract upon which liability is predicated." *Martinez v. Vakko Holding A.S.,* No. 07 Civ. 3413(LAP), 2008 WL 2876529, at *2 (S.D.N.Y. July 23, 2008). The plaintiff must allege the essential terms in nonconclusory language. *Sirohi v. Trustees of Columbia University,* 162 F.3d 1148 (2d Cir.1998). Here, Plaintiff has not identified the essential terms of the contract in which Cenlar allegedly imposed additional restrictions.

### 2. Breach of Implied Covenant

Both the Citibank and Cenlar Defendants argue that the implied covenant of good faith and fair dealing does not afford Plaintiff an independent cause of action. (ECF 34 at 10-11; ECF 35 at 13-14). The claim of bad faith conduct is not an independent cause of action, but a means by which plaintiffs can obtain punitive damages in a breach of contract action. *Binder v. Nat'l Life of Vermont,* No. 02 CIV. 6411 (GEL), 2003 WL 21180417, at *4 (S.D.N.Y. May 20, 2003).

### 3. Unjust Enrichment

The Citibank Defendants argue that, because there is an existing contract, any unjust enrichment claim must fail. The Cenlar Defendants further advance that this claim is futile because "Plaintiff's documents show PMI was terminated (Ex. M), the valuation cost [Plaintiff] nothing (Ex. N: "at no cost"), and [PMI] fees were refunded." (ECF 35 at 15). A claim for unjust enrichment is normally proper only in the absence of an express agreement between the parties. *See EUA Cogenex Corp. v. N. Rockland Cent. Sch. Dist.,* 124 F.Supp.2d 861, 873 (S.D.N.Y. 2000). Plaintiff does not allege that the mortgage agreement is invalid, nor does he acknowledge that his requirement to make the PMI payments was a contractual obligation. For these reasons, the inclusion of an unjust enrichment count would be futile.

#### 4. Negligent Misrepresentation

The Citibank Defendants argue that the negligent misrepresentation claim is duplicative of Plaintiff's contract claim and must be dismissed as futile. (ECF 34 at 11). The Cenlar Defendants assert that Plaintiff's negligent misrepresentation claim lacks factual support. (ECF 35 at 15).

Negligent misrepresentation requires a plaintiff to assert "(1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.' " *Eidelman v. Sun Prods. Corp.*, No. 16-CV-3914, 2017 WL 4277187, at *4 (S.D.N.Y. 2017) (quoting *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012)).

Plaintiff's pleading lacks the factual specificity required to state a claim for negligent misrepresentation. It does not adequately plead the existence of a special relationship that would create a duty to provide correct information, nor does it provide sufficient details to from which to plausibly infer that Defendants made false representations and should have known those representations were false. Additionally, Plaintiff fails to clearly establish the intended reliance and why such reliance was reasonable.

### IV.    CONCLUSION

Because Defendants have not carried their burden on futility on the HPA claim, and leave to amend the complaint is **GRANTED**. Plaintiff may amend to include state law claims, but

before filing Plaintiff's Amended Complaint, Plaintiff's counsel must first review the Defendants'

briefing and this Court's guidance while making revisions, as required under Fed. R. Civ. P. 1 and

11. Plaintiff's Amended Complaint shall be filed no later than April 3, 2026, and it shall comply

with Fed. R. Civ. P. 5.2. If Plaintiff desires to redact more information than permitted under Rule

5.2, he must follow the procedures outlined in Section VI in my Individual Practices.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: March 16, 2026                                                **Ona T. Wang**
     New York, New York                       United States Magistrate Judge